CHARLES CARROLL, Chief Judge.
The appellant insurance company appeals from a summary judgment entered in favor of the appellee, in the latter’s suit to recover death benefits as the designated beneficiary of an alleged insured under an employees’ group insurance policy.
On October IS, 1961, the appellant issued the group policy to Mercury Cab Company. According to the policy, the class of persons to be insured thereunder were full time paid employees of Mercury Cab Company. The policy provision entitled “Eligibility for Insurance” was as follows:
“The classes of persons eligible for insurance hereunder (herein called the eligible classes) shall be all persons directly employed on a full-time basis and compensated for services by the Policyholder. Each such person shall be eligible for insurance hereunder on the date of issue of this policy or on the day immediately following the completion of 60 days of continuous, active employment with the Policyholder, whichever is the later date, except that if the employment of such person with the Policyholder commenced on or before October 15, 1961, he shall be eligible hereunder on the date of issue of this policy.” [Italics supplied.]
The alleged insured, under whom the plaintiff claimed as beneficiary, was Nathan Eibister. Evidence submitted on behalf of the defendant indicated Eibister was employed and paid by Samuel C. Levine and Jack Kessler, co-partners doing business as S & J Transportation. His employment was as a taxicab driver. The person by or for whom the premiums were paid and who purportedly were insured under the policy were taxicab drivers employed by separate companies (of which S & J Transportation was one) which were members of “an association of independent (taxicab) operators for political purposes, *737 dispatch services,” etc., designated as “Mercury Cab Owners Association.”
Eibister’s employment terminated on March 15, 1962, due to physical disability, and he did not work thereafter. He died on April 19, 1963.
The provision of the policy entitled “Termination of Group Life Insurance” was as follows:
“The Group Life Insurance of any person hereunder shall automatically cease if his employment or membership in the classes eligible for insurance hereunder terminates, or if the provisions of the Policy for his insurance terminate, or (if he is required to contribute toward the cost of his insurance) if he fails to make any contribution when due.
Cessation of active work in the eligible classes will be deemed to constitute termination of employment. However, the Policyholder, acting on a basis precluding individual selection, may consider any person who is disabled, granted leave of absence, or temporarily laid off, still employed in the eligible classes until the Policyholder terminates the insurance of such person by notifying the Company to that effect or by discontinuing premium payments on account of his insurance, provided, that the employment of any person in the eligible classes shall not be deemed to continue for longer than thirty-one days following the date on which he begins a leave of absence or is temporarily laid off.
“Termination of insurance because of termination of employment shall be effective automatically on the date of such termination of employment.”
Under the last quoted provisions of the policy, the “employer” could have considered Eibister “still employed” after he became disabled, so that Eibister then would have remained covered provided payments of monthly premiums allocable to Eibister were continued by the employer, or by Eibister if the taxi drivers covered were required to pay or contribute to the monthly premiums for the coverage attributable to them. Evidence as to what occurred in those respects was lacking.
The claim of the plaintiff that Eibister was an insured under the policy, as being an employee of the company to which the policy was issued, and, if so, whether his coverage under the policy was preserved after his employment terminated and so continued to the time of his death, represented issues material to a right of the plaintiff to recover under the policy. An examination of the record shows those material issues were not dispelled on the motion for summary judgment.
Accordingly, the summary judgment is reversed and the cause is remanded for further proceedings.